Duane D. OSMUS and State Industrial Court, Respondents,

v.

The CITY OF OKLAHOMA CITY, a Municipal Corporation, own risk insurer, Petitioner.

No. 48639.

Supreme Court of Oklahoma.

May 10, 1977.

Rehearing Denied Sept. 21, 1977.

Walter M. Powell, Municipal Counselor by Ronald V. Collier, Asst. Municipal Counselor, Oklahoma City, for petitioner.

E. W. Keller, Keller & Fernald, Oklahoma City, for respondents.

DOOLIN, Justice.

Claimant, who is respondent here was employed by City of Oklahoma City, petitioner here, in the municipal court system as assistant court administrator. He had been employed for sixteen years and on the morning of May 10, 1974, he reported to work at the usual time. He was informed of a specially called meeting in the City Manager's office that he should attend. Shortly before the appointed time for the meeting, the claimant walked from his office in one building of the Oklahoma City municipal complex to the City Manager's office, a distance of approximately two and one half blocks. At the end of the walk,

claimant was required to climb stairs to the manager's office. While walking to the meeting and particularly while ascending the stairs, he suffered pain and congestion in his chest and pain in his left arm. Within a few minutes after arriving the pain subsided.

Claimant was concerned and apprehensive because of the nature of the meeting. At the meeting the manager informed the parties in attendance that certain departments of the city, including the municipal court budget would have to be cut by 5%.

After the meeting, claimant went to another building in the city complex to pick up payrolls and while descending the stairs to the basement, he experienced a reappearance of the former symptoms. When claimant returned to his office from the payroll office, he contacted his own physician who referred him to a heart specialist. Claimant called the specialist and made an appointment the same day and as a result he was hospitalized and a day or two later underwent surgery for an arterial by-pass, spending approximately 19 or 20 days in the hospital.

Evidence showed that a few days prior to May 10, 1974, claimant had experienced another and similar episode with his heart at his home. As a result of this episode claimant saw a physician for a heart check up, was given an EKG and told that there was nothing wrong with his heart.

Evidence also showed the claimant informed his superior, the presiding judge, of his heart condition, his stay in the hospital and that the city paid him wages during the time he was in the hospital in the form of sick leave accruals.

Form 3 was filed on January 25, 1975.

The city denied all liability, but at trial stipulated to the fact of employment and that the claimant was drawing wages entitling him to the maximum rate if an award was due.

The trial judge made an award of 25% permanent partial disability to the body as a whole, and found the employer (City) had not been prejudiced by the fact claimant had not given written notice.

City appealed by timely petition for review and assigned error under four categories. Primarily, City argues, claimant did not sustain an accidental injury as defined in the Workmen's Compensation Act; and the evidence was not sufficient to sustain an award. City's brief is subdivided into various qualifications of its major propositions but it fails, except in passing or by inference, specifically to challenge the jurisdictional question of hazardous employment. It does argue risk did not arise out of and in the course of employment.

We believe this court may inquire into jurisdictional elements of injury found in 85 O.S.1971 §§ 2, 3(7), 11 on its own, under the general power conferred under Art. 7 of the Constitution of the State of Oklahoma.[1]

The Industrial Commission (now Industrial Court) is without jurisdiction to award compensation unless employee is engaged in one of the classes of industries, plants, factories, lines, occupations or trades mentioned in the compensation act, 85 O.S.1971 § 2.[2]

In *Skelly Oil Company v. Waters*, 348 P.2d 320 (Okl.1959) we stated:

"Jurisdiction of the State Industrial Commission to award compensation on disability resulting from injury is confined to the employments enumerated by worker's compensation act."

---

1. 85 O.S.1971 § 29 provides in part that review " * * * shall be subject to the law and practice applicable to *other civil actions* cognizable in said Supreme Court." (Emphasis supplied). In *Hayhurst v. Hayhurst*, 421 P.2d 257, 260 (Okl.1966) we said: "The question of jurisdiction is primary and fundamental in every case, and must be inquired into and answered by this court both as to its own jurisdiction as well as

to the jurisdiction of the court from which the appeal is taken, whether raised by a party or not. *Mid-Continent Pipe Line Co. v. Wilkerson*, 200 Okl. 335, 193 P.2d 586."

2. *Central Surety and Insurance Company v. State Industrial Commission*, 180 Okl. 383, 69 P.2d 1036 (1937).

For an application of the rule of enumerated category, see *Marshall v. Independent School District No. One, Tulsa County*, 485 P.2d 1052 (Okl.1971), where we found a school teacher is not ordinarily engaged in a hazardous occupation.

■ Generally this court will review questions of law but will not weigh conflicting facts or pass on the credibility of the evidence. However the Industrial Court's findings of jurisdictional facts is not binding on this court and under such circumstances Supreme Court will weigh the evidence and make an independent determination of the existence of jurisdiction.[3]

■ Careful review of the evidence in this case indicates claimant is an administrator of the municipal courts, the first among clerks and subject only to the control of the presiding judge. That his duties are clerical in nature is presupposed. It is not denied that his apprehension on the morning in question was real; it is not seriously contested that he suffered as described herein, but the fact remains, like the school teacher or the stenographer in an office, his is not ordinarily a hazardous employment. Nothing in the record renders it so; no special task or substituted labor as a mechanic, shop worker or maintenance crew operator is shown. The claimant simply attended an executive meeting concerning budgetary matters and picked up a few payroll checks. Nothing more strenuous was established. There was no risk or hazard connected to his admitted employment.[4]

■ City does argue the question as to whether the injury arose out of and in the course of the claimant's employment and we treat this problem as a question of law and not of fact. We therefore weigh the evidence against what we consider to be the law. In *Ottawa County v. King*, see 394 P.2d 536 (Okl.1964) we said in the first official syllabus thereof:

"An injury 'arising out of' the employment, within the meaning of the Workmen's Compensation Act, must have resulted from a risk reasonably incident to the employment. There must be apparent to the rational mind, upon consideration of all the circumstances, a causal connection between (1) the conditions under which the work is required to be performed and (2) the resulting injury."

See also *Liebmann Arctic Ice Co. v. Henderson*, 486 P.2d 739 (Okl.1971); *Norton v. E. A. Cowen Construction Co.*, 391 P.2d 785 (Okl.1964). We hold a compensable injury must result from a risk reasonably incident to the employment. There is no evidence supporting the Industrial Court's finding the injury arose from any ordinary risk shouldered or assumed by the claimant. As we pointed out heretofore this claimant is an administrator of the courts, a clerk, office helper and worker.

We conclude that his injury did not arise out of a reasonable risk incident to his employment. Neither was it a result of hazardous employment as required by 85 O.S.1971 §§ 2, 3(7) & 11.

AWARD VACATED.

HODGES, C. J., and DAVISON, WILLIAMS and BARNES, JJ., concur.

LAVENDER, V. C. J., and IRWIN, BERRY and SIMMS, JJ., concur in result.

**3.** *McCarthy v. Forbes Painting & Decorating Co.*, 203 Okl. 463, 223 P.2d 366 (1950); *Keeling v. Schuman Bros. Lumber Co.*, 204 Okl. 277, 229 P.2d 193 (1951); *Employers Cas. Co. v. Carpenter Bros.*, 204 Okl. 312, 229 P.2d 592 (1951); *Harrill v. State Indus. Commission*, 208 Okl. 666, 258 P.2d 624 (1953); *D. P. Greenwood Trucking Co. v. State Indus. Commission*, 271 P.2d 339 (Okl.1954); *Skelly Oil Co. v. Waters*, 348 P.2d 320 (Okl.1959); *Lakeview Amusement Corp. v. Fabors*, 377 P.2d 594 (Okl.1962); *Munsingwear, Inc. v. Tullis*, 557 P.2d 899 (Okl. 1976).

**4.** It is unnecessary to consider the existence of estoppel when city is an own risk insurer, see *Miller v. Sears, Roebuck & Co.*, 550 P.2d 1330 (Okl.1976).