William H. PEARL, Petitioner,

v.

ASSOCIATED MILK PRODUCERS, INC.,
Associated Indemnity Company, and the
State Industrial Court, Respondents.

No. 51939.

Supreme Court of Oklahoma.

July 18, 1978.

Wolf & Wolf by Silas C. Wolf, Jr., Norman, for petitioner.

William A. Robinson, Oklahoma City, for respondents.

BARNES, Justice:

A Trial Judge entered the following order:

"That claimant did not sustain an accidental personal injury, arising out of and in the course of his hazardous employment with the above named, respondent, as alleged in his Form 3, or Employee's First Notice of Injury And Claim for Compensation; and therefore, claimant's claim for compensation is denied."

Appeal to State Industrial Court en banc resulted in affirmance, and claimant/petitioner seeks review of this order, and remand of the cause for further proceedings. Contentions presented claim language of the order viewed in comparison of the record is too indefinite and uncertain for prop-

er judicial review; and, under record as a whole, error was committed in basic construction of the Act, 85 O.S.1971, § 1, et seq., in view ·of patently restrictive interpretation applied in determining whether accidental injury arose out of and in course of employment.

Evidentiary background necessary for consideration of these issues is summarized. Claimant had been employed for 15 years as a driver of respondent's tractor-trailer over a 300 mile milk route. In 1970 a back injury had required surgical removal of two intervertebral discs, and compensation was paid for 15% permanent partial disability to body as a whole. In 1971 a further injury necessitated surgery to cervical spine and resulted in award of 20% permanent partial disability.

Claim for compensation filed April 14, 1977, alleged back injury on December 15, 1976, while operating respondent's truck. Respondents denied allegations of claim, and specifically denied occurrence of accidental injury at any time during covered employment, or that any disability resulted from injury arising out of or in course of employment.

Upon hearing (November 14, 1977), respondent stipulated as to jurisdictional and evidentiary matters concerning employment, applicable compensation rate, notice and hazardous nature of employment. Occurrence of accidental injury during covered employment was denied.

Claimant testified concerning facts of employment and the route driven on day of injury was rough and full of chug holes. Near the second milk route stop claimant suffered low back pain upon striking a chug hole. He finished the route and arrived back about 6:00 p. m., and told the dispatcher his back was hurting from bouncing around in the truck. Claimant testified this occurred November 15, 1976, and two days later advised a superior that his back was hurting, and was asked whether he had seen a doctor. Claimant then made appointment with Dr. N. for December 5, 1976, and thereafter was seen three times. After referral to Dr. R. for examination on

January 3, 1977, claimant was hospitalized for myelography and eventually operated for lumbar laminectomy.

Claimant testified during conversation about December 1, 1976, his superior (Dixon) was advised claimant did not know whether his back was hurt driving on the route, or while at home working on his pickup truck. The superior confirmed this conversation, but denied anything was mentioned about injury until mid-December after claimant had been off for sick leave.

On cross-examination claimant admitted personally having filed claim for benefits under a disability policy which discharged mortgage payments for disability from accidental injury. Claim alleged continuous disability from and after January 1, 1977, resulting from back injury sustained December 15, 1976, while claimant was at home working on his pickup truck.

Claimant personally filed a further claim for benefits under a group medical policy. Therein claimant's certified claim was based upon back injury resulting from fall on ice about mid-December, and no claim expenses were covered by any other plan or pursuant to Federal or State law. Claimant acknowledged untruthfulness of statements made in claim for benefits under mortgage loan policy, but insisted statements in claim for medical benefits as to fall on ice about December 1, 1976, were truthful. Claimant was allowed to amend claim to show date of injury as November 15, 1976, in conformity with evidence, in view of testimony December 15, 1976, was date he learned the back injury was serious. Histories given examining physicians did not mention injury from fall on the ice.

Matters mentioned reflect the variant nature of evidence relating to alleged cause of accidental injury, and adequately disclose the extremely conflicting factual matters presented for factual determination. Within evidence presented accidental injury could have resulted from any of three separate occurrences, only one of which would have been work-related. Our decisions recognize State Industrial Court may refuse to give credence to any portion of the evidence

which in the court's opinion is not entitled to credence.

■ Where the issue concerns accidental injury the trial court must weigh the evidence and pass upon credibility of witnesses. The court may refuse credence to any part of evidence deemed unworthy of belief, is not compelled to accord credence to the greater amount of evidence as against the lesser, and is not confined to consideration of proof elicited by claimant, but may consider the record in totality. *Sanders v. Fischer Construction Company,* 397 P.2d 144 (Okl.1964), and cases cited. State Industrial Court is the sole arbiter of credibility of witness and weight given their testimony. Supreme Court on review does not weigh evidence to determine preponderance thereof. *Mitchell v. Lepak Trucking Co.,* 561 P.2d 967 (Okl.1977).

The first contention urges the order denying compensation, when viewed under the entire record, is too vague and indefinite for judicial review. The argument asserts impossibility of determining from the order whether claim was denied because no injury was sustained during covered employment, or that a work-related injury was sustained, but not as alleged in the claim filed.

We do not find the order indefinite or vague as claimant insists. In *Bailey v. Metropolitan Paving Co.,* 441 P.2d 385 (Okl. 1968), an order denying compensation, couched in nearly identical language to that recited in the present order, was approved, upon authority of numerous decisions cited. In *Bailey* we stated the issue was whether the claimant sustained an accidental personal injury. The order of denial found claimant had not sustained accidental personal injury in covered employment.

■ The issue herein was whether claimant had sustained accidental back injury in covered employment. The trial court was sole judge of weight and credibility bearing upon this issue. From conflicting evidence the court determined no accidental injury had occurred during covered employment and there was sufficient evidence to support this finding. *Bittman v. Boardman Co.,* 560 P.2d 967 (Okl.1977). The order entered was neither vague nor indefinite in pronouncing finding as to the ultimate issue.

The second contention claims trial error in basic construction of the Act, by restrictive interpretation applied in determining whether claimant sustained compensable injury in covered employment.

This argument is derived from reliance upon the principle that a liberal interpretation must be given our Act. *City of Nichols Hills v. Hill,* 534 P.2d 931 (Okl.1975). Therefore, claimant contends that we are required to accord a presumption in favor of an injured workman that accidental injury arose out of and in course of employment, absent substantial evidence to the contrary. And further, that because claimant's evidence presented a prima facie case of accidental injury during covered employment, and that medical testimony showed temporary total disability and permanent partial disability attributable to this injury, the trial court failed to accord claimant benefit of reasonable doubt required by the Act. *In re Martin,* 452 P.2d 785 (Okl.1969).

Claimant also contends that *Osmus v. City of Oklahoma City,* 568 P.2d 1259 (Okl. 1977), holds that the question of whether accidental injury arose out of covered employment is a jurisdictional conclusion of law requiring independent review by this Court. Thus, claimant concludes that an independent review of this record, under the presumption required by a liberal construction, necessitates finding claimant sustained accidental injury during covered employment.

■ The decision in *Osmus* noted argument concerning whether injury arose out of and in course of employment and, in view of evidence, stated the issue was treated as a matter of law and not a question of fact. Claimant quotes this language and insists it must be construed as holding a question whether injury arose out of covered employment is a jurisdictional fact, which presents a question of law for independent determination on review. The *Os-*

*mus* decision may not be so interpreted. This observation is made to forestall further arguments of this nature, although claimant's argument clearly is untenable under this record.

Respondents stipulated concerning evidentiary and jurisdictional matters, particularly as to hazardous nature of employment. *International Spa v. Jones,* 525 P.2d 630 (Okl.1974). Whether accidental injury arose out of and in course of hazardous employment is a question of fact under circumstances of particular case. *Tulsa Linen Service Company v. Kroth,* 512 P.2d 172 (Okl.1973). Determination of fact questions rests exclusively with State Industrial Court. *Goombi v. Trent,* 531 P.2d 1363 (Okl.1975). Adjudication of fact questions is binding on review where supported by any competent evidence. *Bittman v. Boardman, supra.*

Order sustained.

All the Justices concur.