Argued and submitted April 14, reversed; referee's order reinstated November 23, 1983

In the Matter of the Compensation
of Fred Hanna, Claimant.

HANNA,
*Petitioner,*

*v.*

STATE ACCIDENT INSURANCE FUND
CORPORATION,
*Respondent.*

(WCB No. 80-04719; CA A26147)

672 P2d 67

Elliott Lynn, Beaverton, argued the cause and filed the brief for petitioner.

Darrell E. Bewley, Appellate Counsel, State Accident Insurance Fund Corporation, Salem, argued the cause and filed the brief for respondent.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

Claimant appeals from an order of the Workers' Compensation Board that reversed the referee's finding of permanent total disability. He assigns as error the Board's admission of two exhibits, which were not admitted at the hearing, and the Board's finding that he is not permanently and totally disabled. We reverse and reinstate the referee's order.

Claimant is a 61-year-old man who has a long history of employment-related back injuries. His employment has been limited to heavy manual labor and work in restaurants as a dishwasher. On April 30, 1979, after a hearing on April 3, he was awarded 50 percent permanent partial disability, for a March 26, 1978, injury. No appeal was taken from that order. Thereafter, he began an approved vocational rehabilitation program at St. Vincent dePaul. On March 9, 1980, in connection with the termination of vocational rehabilitation, a determination order was issued awarding additional temporary total disability and reaffirming the permanent partial disability awarded in the earlier order. Claimant appealed from that determination order by requesting a hearing. On November 14, 1980, a referee issued an opinion and order finding claimant to be permanently and totally disabled and declining to consider exhibits 98 and 99, which had been submitted by SAIF after the hearing. On September 29, 1982, the Board issued its order on review reversing the referee, admitting the exhibits and holding that claimant was not entitled to any additional permanent disability.

The initial issue raised is the admissibility of exhibits 98 and 99. After reviewing the exhibits, we conclude that those exhibits have little probative value and our decision in the case would not be affected by either exhibit. We therefore need not decide if the exhibits were properly admitted. We proceed to our *de novo* review of the evidence for a determination of the extent of claimant's disability.

Both the referee and the Board concluded that claimant was permanently and totally disabled. His treating physician, Dr. Hummel, has concluded that he is permanently and totally disabled. Our review of the other medical and non-medical evidence supports the conclusion. However, the Board held that, although claimant is permanently and totally

disabled, he is not entitled to an award for that disability for three reasons: (1) his condition has not worsened since the last (unappealed) opinion and order; (2) his complaints are exaggerated; and (3) evaluation of his complaints should be limited to those related to his March, 1978, injury and not include those related to an April, 1977, injury which resulted in a disputed claim settlement.

■    ORS 656.268(5) provides that a new determination be made when a worker ceases to be enrolled in a program of vocational rehabilitation.[1] The new determination would necessarily be based on the medical and other evidence available at that time, including that concerning the success or failure of the vocational rehabilitation program. A claimant's disability may be determined to be more or less than previously supposed after vocational rehabilitation, even absent a change in his medical condition. A change in a claimant's condition is not required to obtain a redetermination of extent of disability on termination of a program of vocational rehabilitation.

■    The Board's second argument, that claimant's complaints are exaggerated, is unsupported by the record. The referee, who was the only one with the opportunity to see the claimant and evaluate his testimony, stated: "After hearing and observing claimant, I have no reason to question his credibility." Although there is some indication in the Vocational Rehabilitation reports that claimant was becoming dependent on their personnel, they consistently report claimant as being cooperative. He may well have a functional overlay; however, the preponderance of the evidence is that, regardless of any such overlay, he is unable to return to any gainful employment.

■    The final reason given by the Board for failing to award permanent total disability is more difficult to under-

---

[1] ORS 656.268(5) provides:

"If, after the determination made pursuant to subsection (4) of this section, the director authorizes a program of vocational rehabilitation for an injured worker, any permanent disability payments due under the determination shall be suspended and the worker shall receive temporary disability compensation while the worker is enrolled in the authorized vocational rehabilitation program. When the worker ceases to be enrolled and actively engaged in an authorized vocational rehabilitation program, the Evaluation Division shall redetermine the claim pursuant to subsection (4) of this section unless ther worker's condition is not medically stationary."

stand. It appears that the Board reasoned that, because claimant resolved his April, 1977, injury by a disputed claim settlement, any later determination of permanent total disability must ignore any injury or condition before that date. We see no reason why a work-related injury which results in a disputed claim settlement should be given less effect than an off-the-job injury. It is axiomatic that an employer takes the worker as he finds him so far as the effect of a later employment-related injury is concerned. In a determination of disability, a claimant is entitled to have considered his entire physical condition, including that resulting from off-the-job injuries as well as on-the-job injuries that occurred before the date of the last injury chargeable to the current carrier, regardless of how claims relating to those injuries were resolved. When a claimant claims permanent total disability, the only issue before the referee or the Board is the extent of total disability after the injury at issue. We agree with the referee that claimant is entitled to an award of permanent total disability. The Board improperly considered other factors in reversing that award.

■    SAIF contends that claimant has not met his burden under ORS 656.206(3) to prove that he made a reasonable effort to seek gainful employment. His treating physician, Dr. Hummel, has consistently told him that he cannot perform any type of work and cannot be retrained. His union refused to consider him for employment because of his back disability. During the sheltered workshop experience at St. Vincent's, he was being evaluated by Vocational Rehabilitation. The record of contacts between claimant and Vocational Rehabilitation from December 28, 1979, to May 2, 1980, indicates that nearly every contact was initiated by claimant. During that period of time, he called Vocational Rehabilitation 77 times.

On February 4, 1980, Sandy Pinches reported that her psychological review had revealed that claimant's full-scale I.Q. was 70, which was "considered to be on the borderline between the dull normal and retarded ranges of intelligence." Further tests reveal that claimant reads at a second or third grade level. Although Pinches reported that he cooperated, he was unable to complete several tests because of his mental deficiency. Maudy Chaney of Vocational Rehabilitation reported: "It is our feeling that Mr. Hanna lacks the

stamina and judgment to hold and keep a job in a competitive labor market. * * *" Pinches later reported that claimant

"is not suitable for any sort of employment, including sheltered workshops. Because of his poor judgment, however, he may indeed attempt to return to work at some point in the future. We are attempting to discourage this action on his part * * *."

Under those facts, it would have been futile for him to seek work. Therefore, he does not need to establish that he has actively sought work to meet the requirement of ORS 656.206(3). *Morris v. Denny's,* 50 Or App 533, 623 P2d 1118 (1981); *Butcher v. SAIF,* 45 Or App 313, 608 P2d 575 (1980). Claimant has met his burden of proof and has established that he is entitled to an award of permanent total disability.

Reversed; referee's order reinstated.