Argued and submitted February 7, affirmed June 4, 1986

In the Matter of the Compensation of
Randall B. Baustian, Claimant.
**BAUSTIAN,**
*Petitioner,*

*v.*

**CONSOLIDATED FREIGHTWAYS,**
*Respondent.*

(WCB 82-07657; CA A36932)

720 P2d 400

James L. Edmunson, Eugene, argued the cause for petitioner. With him on the brief was Malagon & Associates, Eugene.

Scott M. Kelley, Portland, argued the cause and filed the brief for respondent.

Before Joseph, Chief Judge, and Van Hoomissen and Young, Judges.

YOUNG, J.

## YOUNG, J.

Claimant seeks review of an order of the Workers' Compensation Board affirming a referee's order that upheld the self-insured employer's denial of an aggravation claim and awarded an additional 10 percent unscheduled permanent disability, making a total award of 20 percent for permanent partial disability of the low back. Claimant contends that his condition worsened after July 8, 1982, the date of the last arrangement of compensation, and that the permanent disability award should be increased. We affirm.

Claimant worked as a long haul truck driver. On November 3, 1980, he was compensably injured when he fell while climbing down from the fuel tank on a truck. He apparently received emergency room treatment and returned to work. He continued to drive a truck for about three weeks, until the prolonged driving caused him considerable back pain. In December, he saw Dr. Fax, who found evidence of a possible disc injury. Fax believed that claimant could not return to long haul truck driving. After treating claimant with pain medication, physical therapy and traction, Fax reported in June, 1981, that claimant was "about stationary" and that he had a "very mild permanent residual disability compatible with a mild bulging disc syndrome and chronic low back strain." Fax continued to believe that claimant could not continue his former truck driving duties. He released claimant to return to work on July 13, 1981, and claimant returned to his former job on that date.

On August 20, 1981, a determination order awarded only temporary total disability benefits from November 24, 1980, through July 12, 1981. Claimant requested a hearing on the extent of his disability. Before the hearing, Fax reported on May 4, 1982, that, although claimant continued to have chronic low back and right leg pain, he did not believe that claimant was "any different" now than when he was released to work on July 13, 1981. Fax again encouraged claimant to seek retraining, because of his continued opinion that claimant's physical limitations prevented him from long haul truck driving. After the hearing, an order dated July 8, 1982, awarded claimant 10 percent unscheduled permanent partial disability for the low back. The referee, on the basis of Fax' reports, found that it was only a matter of time before

claimant's disability would force him to find other employment.

On July 22, 1982, Fax reported that claimant had increased pain and that he was finding it more difficult to drive a truck. Fax believed, consistent with his first diagnosis, that claimant was suffering from a "probable mild bulging lumbar disc." He recommended that claimant stop driving, which he did. Fax reported that claimant "subjectively was having increasing problems tho [sic] [he] did not have any objective findings." Fax' reports were treated by the employer as an aggravation claim, which it denied on August 18, 1982. Claimant requested a hearing.

In December, 1982, claimant qualified for a vocational retraining program, and he was later assigned to a one-year course in auto body repair. On July 21, 1983, Dr. Hoppert examined him and found "[c]hronic lumbosacral strain with right leg radiation, no neurologic deficit. Patient is stationary. He has mild impairment of the low back * * * ." After claimant completed the auto body course, a determination order issued on March 21, 1984, closing the claim without an additional award of permanent partial disability. Claimant requested a hearing.

On December 10, 1984, a hearing was held on the denied aggravation claim and on the extent of disability. The referee upheld the denial. He found that "there was insufficient evidence that claimant sustained an aggravation," because the evidence "speaks to impairment * * * not to a worsening." He did award an additional 10 percent permanent disability. He found that claimant had sustained a permanent loss of earning capacity, because he "is foreclosed from a sizeable segment of the general labor market." The Board affirmed.

 To prove an aggravation of a compensable injury "it is sufficient to show that the [symptoms] of the condition [have] worsened so that the claimant is more disabled than [he was] at the time of [his] last arrangement of compensation." ORS 656.273. *Consolidated Freightways v. Foushee,* 78 Or App 509, 512, 717 P2d 633, *rev den* (1986); *see Smith v. SAIF,* 78 Or App 443, 717 P2d 218, *rev'd* 302 Or 109, (1986); *Miller v. SAIF,* 78 Or App 158, 714 P2d 1105 (1986). "[M]ore disabled" means less able to work. *Smith v. SAIF,* 78 Or App at 448. Objective

medical evidence is not required; a claimant's subjective complaints may sustain his burden of proof. *See Garbutt v. SAIF,* 297 Or 148, 151-52, 681 P2d 1149 (1984).

After the last arrangement of compensation on July 8, 1982, claimant found that his back pain made it increasingly difficult to drive a truck for long distances. That development coincides with Fax' opinion as early as December, 1980, that he should find other work, and it was the referee's reason for awarding 10 percent additional permanent disability by the July 8, 1982, order. When the employer denied the claim on August 18, 1982, the objective medical evidence was that there was no worsening. After the denial, Fax reported on September 8, 1982, that claimant "is essentially the same." We are not persuaded that claimant's subjective complaints of back pain after July 8, 1982, were the result of a worsening of his back condition. The evidence as a whole does not show that he was less able to work as a long haul truck driver after the last arrangement of compensation.

Although claimant failed to prove a worsening, he was entitled to a redetermination of the extent of his disability, because he completed the vocational retraining program. *See* ORS 656.268(5); *Hanna v. SAIF,* 65 Or App 649, 652, 672 P2d 67 (1983). He argues that he is entitled to 50 percent instead of the 20 percent awarded. We disagree. The 20 percent approved by the Board is within the range appropriate under the facts. *See Paine v. Widing Transportation,* 59 Or App 185, 191, 650 P2d 968 (1982); *Owen v. SAIF,* 33 Or App 385, 388, 576 P2d 821 (1978).

Affirmed.