Harlan Wayne STILES, Petitioner,

v.

OKLAHOMA TAX COMMISSION, State
Insurance Fund and the Workers'
Compensation Court, Respondents.

No. 66677.

Supreme Court of Oklahoma.

Sept. 29, 1987.

Rehearing Denied April 12, 1988.

Robinson & Bower, Inc. by William A. Robinson, Oklahoma City, for petitioner.

John R. Schneider and Jim Seasholtz, Legal Intern, Oklahoma City, for respondents.

LAVENDER, Justice:

Claimant, Harlan Wayne Stiles, initiated proceedings in the Workers' Compensation Court to secure compensation for disability alleged to have occurred from continuous stress and tension associated with his employment as a senior tax auditor with respondent Oklahoma Tax Commission. Stiles alleged that the stress and tension had aggravated and exacerbated a pre-existing condition of rheumatoid arthritis.

At the trial of the matter Stiles presented his own testimony and the deposition testimony of his physician, Dr. B. Respondent Oklahoma Tax Commission, and its insurer, State Insurance Fund, presented the narrative report of Dr. M. Following consideration of the materials presented, the trial court entered its order finding that Stiles had suffered an aggravation of his arthritis arising out of and in the course of his employment. The trial court entered an award for temporary total disability to continue for and during the period of disability not to exceed three hundred weeks.

Respondents sought review of the trial court's order by the Workers' Compensation Court review panel. The review panel vacated the trial court's order and entered an order finding Stiles had not sustained an injury arising out of and in the course of employment and denying compensation.

 Stiles then sought review of the Workers' Compensation Court proceedings. The matter was initially assigned to the Court of Appeals, Oklahoma City Divisions.

That court found that it could make independent determination of the issue of whether or not an injury had arisen out of and in the course of employment. The Court of Appeals found that the trial court's determination had been supported by competent evidence and found the review panel's subsequent reversal of the trial court's order to be erroneous. Respondents petitioned this Court for writ of certiorari seeking review of the Court of Appeals' opinion which reinstated the trial court's order. We have previously granted the requested writ.[1]

I.

In vacating the review panel's determination, the Court of Appeals stated that, since the review panel's order had not stated that the trial court's order was against the clear weight of the evidence,[2] it was permissible for the Court of Appeals to engage in an independent review of the evidence to determine the weight thereof. In reaching this conclusion, the Court of Appeals has so far departed from the accepted course of judicial proceedings as to call for exercise of this Court's power of supervision.

Only one issue was considered by the review panel in its review of the trial court's order; whether the trial court's finding that Stiles had suffered an injury arising out of and in the course of his employment, which led to his disability, was against the clear weight of the evidence. It was necessarily implied by the review panel's vacation of the trial court's order and the entry of an order finding Stiles not to have suffered an injury arising out of and in the course of his employment, that the review panel had found the trial court's determination to be against the

---

1. Stiles objected to the petition for certiorari on the ground that respondents' petition for rehearing to the Court of Appeals had been filed on the twenty-first day following the issuance of that Court's opinion, and subsequently was dismissed as untimely filed. In *Special Indemnity Fund v. Washburn*, 722 P.2d 1204 (Okla.1986), this Court held the late filing of a petition for rehearing would not prohibit consideration of a petition for certiorari.

2. 85 O.S.1981 § 3.6(A), mandates that the review panel may reverse or modify a trial court determination only if it is found to be against the clear weight of the evidence or contrary to law.

clear weight of the evidence.[3]

In *Parks v. Norman Municipal Hospital,*[4] this Court stated that, in reviewing an order of the Workers' Compensation Court review panel, the order must be affirmed if the factual determinations upon which the order is based are supported by any competent evidence. Whether an injury does arise out of and in the course of a claimant's employment is an issue of fact to be determined by the Workers' Compensation Court,[5] and is not to be determined on review proceedings by this Court or the Court of Appeals where there is *any competent evidence* to support the order subject to review. As stated in *Parks,* where the appeal is from an order of the review panel, which has modified or reversed a trial court order, it is the review panel's order which stands subject to review as it totally replaces the trial court's determination.[6]

Because the Court of Appeals' opinion in this case has departed from the proper standard of review, that opinion must be vacated.[7]

## II.

With the proper standard of review in mind we now turn to the merits of the review sought in this case.

As previously stated, the evidentiary record consists only of the trial testimony of Stiles, the depositional testimony of Stiles' physician, Dr. B., and the narrative report of respondents' physician, Dr. M. These materials indicate that Stiles began work for respondent Oklahoma Tax Commission in October 1982, and left employment with respondent in December 1984. Stiles had been diagnosed as suffering from rheumatoid arthritis in the early 1970's. Dr. B. testified in his deposition that Stiles' arthritic condition began to worsen in conjunction with the date of his employment with respondent Tax Commission. Stiles stated that there was a great deal of stress in his employment because of his treatment by his supervisors and because of pressure from dealing with the parties whose taxes he was auditing. Dr. B. stated that this stress aggravated the arthritic condition and that the stress resulted from Stiles' attitude about from Stiles' attitude about his job and from his conflicts with his co-workers and supervisors. It was the unhappiness with the job which produced the stress which aggravated the arthritis. Dr. B. gave the opinion that Stiles' personality structure in effect resulted in self-imposition of stress which would adversely affect his arthritic condition, and stated that it was foreseeable that Stiles could have suffered disability as a result of stress in any similar environment. The narrative report of Dr. M. was in basic agreement with the conclusion that the aggravation of Stiles' arthritic condition was coincidental to his employment at respondent Tax Commission and would have occurred in any similar environment.

The evidence here clearly establishes that Stiles was an employee of respondent Tax Commission. In the course of this employment Stiles was subjected to stresses which resulted from the nature of the employment and from the conditions of the employment, i.e. his supervisors and co-workers. Both Dr. B. and Dr. M. state that the stresses, although they did not cause Stiles' arthritis, could have been responsible for the aggravation of the pre-existing arthritic condition. Dr. B. plainly stated that the stress *did* cause aggravation of the condition. Dr. M. stated that working may have caused temporary aggravation. No evidence was offered to support a conclusion that no aggravation of

---

**3.** See *In re Loague,* 450 P.2d 492 (Okla.1969).

**4.** 684 P.2d 548 (Okla.1984).

**5.** *Thomas v. Keith Hensel Optical Labs,* 653 P.2d 201 (Okla.1982); *Pearl v. Associated Milk Producers,* 581 P.2d 894 (Okla.1978).

**6.** 684 P.2d at 550, 551.

**7.** In reaching its decision the Court of Appeals relied upon the case of *Osmus v. City of Oklahoma City,* 568 P.2d 1259 (Okla.1977), as indicating that the question of whether an injury arose out of and in the course of employment was one of law subject to independent determination on review. In *Pearl v. Associated Milk Producers,* supra, this Court clearly indicated that *Osmus* did not support such a proposition.

the condition had occurred or that the aggravation was solely due to factors beyond the work related stresses. The totality of this evidence supports a conclusion that Stiles' arthritic condition was aggravated by stresses arising out of and in the course of his employment.

◼ It is a general rule in Workers' Compensation Law that an employer takes an employee as he finds him.[8] That is, if an employee has a predisposition to be sensitive to stressful situations, the employer cannot avoid liability when the stresses imposed by the employment situation result in disability on the part of the employee.[9]

◼ In Oklahoma disability resulting from the aggravation of a pre-existing disease or condition is compensable.[10] Here the evidence established that work related stresses aggravated the arthritic condition of Stiles resulting in his physician's ordering him to quit work to avoid the stress. The evidence that the stress existed was uncontroverted. There is a lack of competent evidence to oppose the connection between the work related stresses and the aggravation of the arthritic condition. Accordingly, we find a lack of competent evidence to support the review panel's factual conclusion that Stiles did not suffer an accidental and personal injury arising out of and in the course of his employment with respondent Tax Commission.

### III.

The opinion of the Court of Appeals, Oklahoma City Divisions, rendered in this case is VACATED. The order of the Workers' Compensation Court review panel is REVERSED.

DOOLIN, C.J., HARGRAVE, V.C.J., and KAUGER and SUMMERS, JJ., concur.

HODGES, SIMMS and OPALA, JJ., dissent.

OPALA, Justice, dissenting:

I would dismiss the petition for certiorari as untimely for the reasons expressed by me in the dissent from the Court's opinion in *Special Indemnity Fund v. Washburn,* 722 P.2d 1204 (Okla.1986).

---

8. *Demars v. Rickel Manufacturing Corp.,* 223 Kan. 374, 573 P.2d 1036 (1978); *Schieno v. City of Billings,* 683 P.2d 953 (Mont.1984); *Hanna v. SAIF,* 65 Or.App. 649, 672 P.2d 67 (1983).

9. See *Adsitt v. Clairmont Water District,* 79 Or. App. 1, 717 P.2d 1231 (1986); and see *SAIF v. Noffsinger,* 80 Or.App. 640, 723 P.2d 358 (1986).

10. *ITT Continental Baking Co. v. Ware,* 620 P.2d 1308 (Okla.1981); *Oklahoma City v. Schoonover,* 535 P.2d 688 (Okla.1975); *Capitol Steel & Iron Co. v. Austin,* 519 P.2d 1364 (Okla.1974).