**CITY OF PONCA CITY, Own Risk, Petitioner,**

v.

**Geneva SHINGLEDECKER and Workers' Compensation Court, Respondents.**

No. 86427.

Court of Appeals of Oklahoma, Division No. 4.

March 19, 1996.

Larry C. Brawner, Brawner & Brawner, Oklahoma City, for Petitioner.

Fred L. Boettcher and Walt Brune, Boettcher Law Offices, Inc., Ponca City, for Respondent.

REIF, Judge.

The issue presented for review by the City of Ponca City concerns the sufficiency of Claimant's evidence to support the hearing loss award as affirmed by the three-judge panel. City's primary complaint goes to the opinion of Claimant's medical expert. This doctor concluded that Claimant's hearing loss was due to exhaust fan noise in the kitchen of the Marland Mansion where Claimant had worked as a cook. City challenges this opinion on grounds that (1) it was based on an inaccurate history of Claimant's employment exposure which the doctor stated was five and one-half years, instead of three and one-half years, as Claimant testified; and (2) it was rendered without considering any noise tests to determine whether the exhaust fan noise was sufficient to cause hearing loss. City believes that the absence of such testing in Claimant's evidence, considered with its test evidence showing that the exhaust fan produced insufficient noise under OSHA standards to warrant hearing protection, renders Claimant's evidence insufficient as a matter of law. For the reasons that follow, we do not agree with City's propositions and sustain the award.

Insofar as the inaccurate history deficiency is concerned, we note that City did not specifically object to the report of Claimant's doctor on this ground when it was offered and admitted. Neither this deficiency, nor the lack of noise level tests, was mentioned as a basis of the probative value objection that was interposed by counsel for City. Additionally, the discrepancy between the period of exposure stated in the medical report and the period disclosed by Claimant's testimony was not set out as one of the "grounds" City presented in its "Appeal to the Court en Banc." The discrepancy notwithstanding, we find Claimant's medical report to meet the test of *Meadow Gold Dairies v. Oliver*, 535 P.2d 290, 291, 294 (Okla.1975) (citation omitted), in that the "basis for expert opinion testimony, which fixed the causal connection between ... employment and [injury], substantially incorporated and was entirely consistent with the facts which claimant's proof fairly tended to establish."

We also find no merit to City's contention that the award cannot be sustained in the face of City's unrebutted evidence that the exhaust fan did not produce sufficient noise under OSHA standards to warrant hearing protection measures. The issue is not the effect of the exhaust fan noise on the average person, but the effect of the fan noise on Claimant. "It is a general rule in Workers' Compensation Law that an employer takes an employee as he finds him." *Stiles v. Oklahoma Tax Comm'n*, 752 P.2d 800, 803 (Okla.1987) (footnote omitted). The *Stiles* opinion further states: "[I]f an employee has a predisposition to be sensitive to stressful situations, the employer cannot avoid liability when the stresses imposed by the employment situation result in disability on the part of the employee." *Id.* The same is true concerning a predisposition to be sensitive to other physically debilitating forces and trauma in the workplace. In the instant case, it appears that Claimant had a predisposition to be sensitive to the noise of the exhaust fan. The fact that such noise may not have injured most people exposed to it does not outweigh the medical determination

that it did, in fact, cause Claimant's hearing loss.

■■ In cases "where the disability alleged to exist is of such character as to require skilled and professional men to determine the cause and extent thereof, the question is one of science and must be proved by the testimony of expert persons," and the finding of the workers' compensation court will not be disturbed if competent medical evidence supports it. *See Louis v. Alton Metal Products Co.*, 409 P.2d 353, 354 (Okla. 1965). The opinion of Claimant's medical expert was both competent and sufficient to support the finding of the trial court, as affirmed by the three-judge panel, that the noise from the exhaust fan was the job-related cause of Claimant's hearing loss.

Accordingly, the award as affirmed is SUSTAINED.

TAYLOR, P.J., and RAPP, C.J., concur.