Argued September 22, affirmed October 28, 1975

PLANE, *Appellant, v.* STATE ACCIDENT
INSURANCE FUND (No. 88472, CA 4755),
*Respondent—Cross-Appellant,* and
NORTH SANTIAM SAND & GRAVEL, INC.,
*Respondent.*

541 P2d 1074

*Gary G. Jones,* Salem, argued the cause for appellant. With him on the brief were Rhoten, Rhoten & Speerstra, Salem.

*Janet A. Metcalf,* Assistant Attorney General, Salem, argued the cause for respondent-cross-appellant State Accident Insurance Fund. With her on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

No appearance for respondent North Santiam Sand & Gravel, Inc.

Before SCHWAB, Chief Judge, and LANGTRY and FOLEY, Judges.

SCHWAB, C. J.

In this compensation case claimant argues that the permanent partial disability award made to him because of compensable "psychological" injury was insufficient. The original determination order made an award of 32 degrees for unscheduled disability. Claimant, being dissatisfied, sought and received a hearing. We quote pertinent portions of the referee's opinion and order:

"Hearing was held in Salem October 23, 1973, and was closed that date. However, the matter was reopened upon the motion of the Referee and claimant was referred to Dr. Maltby for a psychiatric examination and report. The doctor's April 16, 1974 report has been received and is admitted as Hearing Officer's Exhibit B and the case was closed May 31 after the parties waived cross-examination of Dr. Maltby and written argument.

"The issues are:
"* * * * *

"(2) Propriety of the Fund's denial of June 8, 1973, denying responsibility for a psychological condition;

"(3) Extent of permanent partial disability. This claim was closed by Determination Order of June 21, 1973, awarding claimant 10% for unscheduled low back disability, the equivalent of 32 degrees.
"* * * * *

"FINDINGS

"Claimant is a 43-year-old mechanic with a formal education of grade school level. His work experience has been mostly doing general mechanical and equipment operation work for construction companies.

"In January 1969, claimant suffered a compensable low back injury while working for this same defendant-employer. He was initially hospitalized briefly for traction treatment. Dr. Spady examined claimant at that time and diagnosed a degenerative disc disease of the lumbosacral level. The doctor suggested claimant undergo further hospitalization, but claimant did not wish to take this treatment. After some chiropractic treatments and an examination by a Fund doctor that claim was closed on October 23, 1969, with a permanent partial disability award of 32 degrees for unscheduled disability * * *.

"Claimant suffered the injury involved in the present claim on January 11, 1971, when a wheel of a truck he was operating dropped into a grease pit. This served to exacerbate the low back problem. He was hospitalized, myelographic studies were performed and, on February 11, 1971, a left side decompression hemilaminectomy * * * was performed * * *.

"In February 1972, claimant complained to Dr. White of continued back pain and left leg pain and numbness. This doctor noted a number of hysterical type symptoms which the actual physical findings did not explain * * *. Dr. McKeown, an internist, also examined claimant. He noted psychosomatic factors were contributing but he did not feel that claimant was malingering * * *. Dr. Reilly, a neurologist, next examined claimant. Complaints of left leg and back pain were again voiced. This doctor was unable to suggest a neurological explanation for claimant's symptoms * * *. Upon

reexamination in July, Dr. Reilly noted emotional overlay but because of the diffuseness of symptoms he felt there might be a rheumatology problem and he suggested claimant be examined at the University of Oregon Medical School, Orthopedic Division * * *. The doctor at the School was 'unable to demonstrate any significant evidence of organic disability of the musculoskeletal system'. He felt claimant's problem was primarily psychological * * *.

"Upon the recommendation of Dr. Beals of the University of Oregon Medical School, claimant was then examined at the Psychology Center. The psychologist noted with regard to the emotional status:

" 'In spite of some constructive intellectual and personality resources, this man has never learned to utilize these resources effectively. He is basically an inadequate personality with feelings of fear and insecurity. There is evidence of a moderately severe anxiety tension reaction with depression in a very weak and inadequate personality. The patient is predisposed to react with conversion symptoms at times of stress and he is extremely preoccupied with his physical and emotional symptoms. He tends to be almost irrational in his criticism of those who attempt to help him, and his attitude is basically negative. He denies having had emotional problems prior to his accident although it seems likely that he characteristically reacts in a highly emotional manner to stress situations.' * * *.

"The psychologist felt there was a 'moderate relationship' between the work injury and the psychopathology 'through the aggravation of preexisting weaknesses and conditions'. He felt claimant to be almost a 'psychological invalid' in his then behavior pattern. Dr. Hickman thought claimant needed psychotherapy but would probably not

consent to it or to a rehabilitation training program * * *.

"In March 1973, claimant was examined by Dr. Harwood, Medical Consultant for the Fund. Complaints were numerous and diffuse. Dr. Harwood noted a 'marked severe functional overlay'. Claimant's shaking and muscle tensing during the examination were felt to be deliberate. Because of claimant's dramatic exhibition at the time of the examination, the doctor's physical evaluation can be discounted * * *.

"On June 8, 1973, the Fund denied responsibility for claimant's psychological condition as not caused nor aggravated by the industrial injury * * *. The claim was closed with the above noted award of 32 degrees for unscheduled low back disability * * *.

"At the request of the Referee, claimant was examined by Dr. Maltby in April 1974. This psychiatrist was furnished copies of all medical exhibits in this case prior to his examination of the claimant. Dr. Maltby's diagnosis is conversion (hysterical) neurosis. With regard to the diagnosis, the doctor states:

" '. . . It is characteristic of such psychological states that the symptoms are far worse than the type or severity of the accident would appear to justify. It has also been observed that this sort of neurosis is rarely found to occur unless the possibility of compensation exists as a result of the injury. This is *not* to say that Mr. Plane is willfully malingering, but it implies that there is a bias operating at a subconscious level which leads one's mind to produce symptoms which could result in secondary gain.' * * *.

"Dr. Maltby feels that it is unlikely claimant will show any improvement until 'all litigation has been settled' * * *.

"Claimant's current medication is aspirin only. His present complaints are referable to his back, hips, shoulders, arms, neck, left leg and foot and headaches. Claimant's tremors were observable at the hearing. He has not applied for any employment within the last two years. He began a course in refrigeration through the Division of Vocational Rehabilitation but dropped out before the course was completed because, he states, he could not perform the physical work involved.

"OPINION

"* * * * *

"Dr. Maltby suggests an immediate termination of litigation will be the triggering factor towards improvement, with or without treatment. Dr. Hickman likewise makes no recommendations for treatment and feels that such a program or a program pointed towards rehabilitation would be futile.

"I find some psychological disability based upon the reports of Dr. Maltby and Dr. Hickman. A lot of this psychological disability is, I think, interwoven with a lack of motivation and a definite 'play acting' on claimant's part. I would find that the entire psychological disability does not exceed 10% or 32 degrees for unscheduled disability.

"* * * * *

"ORDER

"That claimant be paid an award equal to 10% (32 degrees) for unscheduled psychological disability, said award to be in addition to the award of unscheduled low back disability made by Determination Order of June 21, 1973 * * *."

Claimant appealed to the board contending that the award for his psychological difficulties was insufficient and SAIF cross-appealed contending that no award for "psychological" injury was warranted. The board and the circuit court affirmed.

The referee who saw and heard the claimant and whose findings on the issue of credibility are entitled to great weight concluded that claimant's apparent problems were in large part "play acting" which we read as a euphemism for "malingering." We find nothing in the record which leads us to disregard the referee's conclusion.

Affirmed.