BRIGGS, *Respondent,*
*v.*
STATE ACCIDENT INSURANCE FUND,
*Appellant.*
(No. 76-594-E CA 11117)
585 P2d 719

W. D. Bates, Jr., Eugene, argued the cause for appellant. With him on the brief were K. R. Maloney, Chief Counsel, and James A. Blevins, Chief Trial Counsel, Eugene.

David R. Vandenberg, Klamath Falls, argued the cause and filed the brief for respondent.

Before Schwab, Chief Judge, and Thornton, Tanzer and Buttler, Judges.

TANZER, J.

**TANZER, J.**

This is an appeal by the State Accident Insurance Fund from a circuit court order finding claimant to be permanently totally disabled. The referee had also so found, but the Workers' Compensation Board had reduced the award to 30 percent unscheduled low back disability.

On October 24, 1974, claimant, then a 61-year-old assistant cook in a school cafeteria, suffered sudden low back pain when rising from a stooped position while removing a pan of food from a low oven. She worked the remainder of the day and then went to her physician.

During the preceding May, claimant had suffered an upper back injury in an automobile accident. She was not treated for low back injury, and there is no reason to find a causal relationship between the injuries.

After the accident but before the October injury, claimant experienced low back pain in the nature of a tired back following work. The physicians agree that there was a pre-existing malady, although they disagree as to whether it was properly termed degeneration of a lumbo-sacral disc, osteoarthritis, or both. They further state that the October injury was a lumbo-sacral sprain or strain superimposed on the pre-existing malady.

After the injury, claimant's physician referred her to an orthopedic physician. His prognosis on November 1, 1974, was that claimant could return to work after ten days' rest and he predicted a complete recovery. On January 6, 1975, he examined claimant again and concluded that she had a chronic lumbo-sacral strain superimposed on some generalized arthritis of the lumbo-sacral spine as well as a degenerative disc.

In January, 1975, claimant returned to work. She testified that other members of the staff did all the heavy chores for her. She said she quit work after

[ 711 ]

about five days because she hurt and because she did not want others to have to perform her duties for her.

On February 5, 1975, her orthopedic physician reported that the condition arising from claimant's industrial injury had become stationary. He concluded that "the majority of her trouble is not because of the industrial injury, but because of some degeneration of L-5, S-1 disc; a condition which is a gradual degenerative problem and not a result of any industrial accident."

The physicians' reports acknowledge that the claimant is presently disabled, but they do not address the extent of the disability. Claimant testifies that her back hurts after activity and that she is incapable of heavy work. She also testifies that she has no work experience other than heavy work and she does not know what other work she can obtain. The referee found that the claimant was permanently totally disabled under the so-called odd-lot doctrine, *Swanson v. Westport Lumber Co.,* 4 Or App 417, 479 P2d 1005 (1971), based upon her age and limited work experience.

The Workers' Compensation Board found that the industrial injury was a temporary exacerbation of a pre-existing degenerative condition, that the exacerbation has ended, and that her present condition is due entirely to the degenerative osteoarthritic condition. Based upon that analysis, the Board inexplicably awarded 30 percent low back disability.

The circuit court reversed the Board and reinstated the referee's award without explanation.

This case requires that we sort out the contributory effects of the injury and of the pre-existing disease, a fact-finding function at which we are no less fallible, but relatively more final than the fact finders before us. If the industrial injury is a significant contributing factor to the existing disability, then claimant is entitled to compensation.

[ 712 ]

We find as a matter of fact that the industrial injury is a substantial contributing factor to the claimant's present disabling condition. No physician has expressly ruled this finding out, although an examining physician for the Fund mentions only the osteoarthritis in his diagnosis. Her treating orthopedic physician, whose reports show no tendency whatever to exaggerate claimant's condition, concludes that a "majority of her trouble" is from the disease, implying that a lesser part of her trouble is from her injury.

Moreover, such a finding is justified by the non-medical evidence. Claimant was described by her physician as a sincere person and the referee found her to be credible. Until late October, 1974, she was a regular worker whose sore back caused no absence or avoidance of duties. In January, 1975, when her condition had stabilized, claimant was unable to do her work. A gradual degenerative condition does not account entirely for the occurrence of such a change in a period of less than three months. Thus, based on medical and non-medical evidence, we find that the claimant's condition is compensable.

Turning to the question of extent of disability, claimant is able to do light work, has not applied for employment because she does not know what she could do other than heavy work and because her age affects her employability adversely. This is not sufficient to justify a finding that one whose physical impairment is not permanent and total is nevertheless permanently totally disabled due to nonphysical factors. *Burks v. Western Irrigation,* 36 Or App 587, 586 P2d 788 (1978); *Wilson v. Weyerhaeuser,* 30 Or App 403, 567 P2d 567 (1977); *Deaton v. SAIF,* 13 Or App 298, 509 P2d 1215 (1973). We set the degree of impairment at 128 degrees or 40 percent of unscheduled low back disability and we remand for entry of such an order.

Affirmed as modified.