Argued June 22, affirmed as modified September 17, 1979

# WALER,
## *Respondent,*
### *v.*
# STATE ACCIDENT INSURANCE FUND,
## *Petitioner.*

### (No. 78-2687, CA 13676)
600 P2d 442

Darrell E. Bewley, Associate Counsel, Salem, argued the cause for petitioner. With him on the brief were K. R. Maloney, Chief Counsel, and James A. Blevins, Chief Trial Counsel, Salem.

Michael Strooband, Eugene, argued the cause for respondent. With him on the brief was Doblie, Bischoff & Murray, P.C., Eugene.

[133]

Before Schwab, Chief Judge, and Tanzer and Roberts, Judges.

TANZER, J.

**TANZER, J.**

This is an appeal by the insurer from a workers' compensation award for permanent total disability. The insurer argues that the award should be reduced to permanent partial disability.

The claimant was a custodian at Oregon State University. She suffers from degenerative spondylolisthesis caused by a number of injuries on the job. Her impairment is not complete, but the Board found her to be totally unemployable due to her lack of amenability to retraining.

■ Where, as here, a claimant is not completely incapacitated and yet seeks to be found totally unemployable, she must show that this is indeed the case. ORS 656.206(3) provides:

> "The worker has the burden of proving permanent total disability status and must establish that he is willing to seek regular gainful employment and that he has made reasonable efforts to obtain such employment."

We find that the claimant has not proven total disability. Although she testified that she has constant pain in her back and legs, and that she must wear a back brace, she does have some mobility. She can still do light housework and she has few problems with her upper back, shoulders and arms. An orthopedic consultation report to SAIF concluded that the work activities she could perform would be severely limited, but it did not rule out further employment.

Although claimant's condition is disabling and her condition has left her unable to perform such physically demanding work as her former occupation required, we are not convinced that her condition has rendered her completely unemployable.

The most obvious failure of the claimant to carry her burden of proof is that after she left her last position she did not look for any other work because

[135]

she did not think she could find suitable employment. She also declined vocational assistance.

■ We find that the claimant has not carried her burden of proving permanent total disability and accordingly reduce her award to 80 percent permanent partial unscheduled disability.

Affirmed as modified.