Argued and submitted January 25, reversed and
remanded for entry of an order finding claimant
permanently and totally disabled March 17, 1980

In the Matter of the Compensation of
BUTCHER,
*Petitioner,*
*v.*
STATE ACCIDENT INSURANCE FUND,
*Respondent.*

(WCB No. 78-5346, CA 15386)

608 P2d 575

Lyman C. Johnson, Bend, argued the cause and filed the brief for petitioner.

Darrell E. Bewley, Associate Counsel, State Accident Insurance Fund, Salem, argued the cause for

[313]

respondent. With him on the brief were K. R. Maloney, Chief Counsel, and James A. Blevins, Chief Trial Counsel, State Accident Insurance Fund, Salem.

Before Buttler, Presiding Judge, and Gillette and Roberts, Judges.

ROBERTS, J.

## ROBERTS, J.

This is a workers' compensation case in which claimant appeals an award of 72 percent for loss of the left leg which was in addition to two previous awards of 20 percent for loss of his left foot and 20 percent for the loss of his right foot. Claimant seeks an award of permanent total disability.

The referee's Opinion and Order sets forth the pertinent facts as follows:

"FINDINGS AND OPINION

"I find that claimant is a credible witness, * * *. He seemed exceptionally candid, straight-forward, and did not appear to be at all evasive in his answers. Neither did he seem to exaggerate his complaints, though his disability is obviously severe. The last day that he was gainfully employed was December 7, 1976.

"Claimant is 60 years of age (will be 61 on May 1, 1979) and his formal education and training is limited to eight grades of schooling.

"All three of claimant's compensable injuries were suffered while he 'ran the land fill' for Hood River County. At the time of this injury, claimant was significantly disabled by the 1974 and 1975 injuries to his ankles. For three years prior to December 8, 1976 claimant had rather severe difficulty with his low back and on that date was found to have severe degenerative osteoarthritis of the lumbar spine and right lumbar scoliosis of approximately 20 degrees

"This December 22, 1975 injury eventually required the excision of both medial and lateral menisci.

"* * * * *

"Claimant moved to LaPine, Oregon, in August, 1977, having previously lived in rural Hood River County near Parkdale.

"Claimant has a lumbering gait, cannot raise his legs more than six inches, and needs a banister to go up stairs. He has to drag one leg when ascending stairs, but can walk right up a ramp by turning his foot sideways. He wears high boots, braces on both

ankles and his left knee. He sleeps in his ankle braces so that he can get up, if necessary, during the night without falling. He does fall from time to time, mostly from stumbling.

"He sleeps a relatively short period of time in bed and states that he is up by 3 a.m. but that he is able to 'doze off' in a chair. His typical day is spent operating a CB radio, watching television, reading newspapers and magazines, and walking the distance of about one city block to the mailbox. He has difficulty squatting to build a fire and also in getting in and out of a lounge chair. His medication at this time involves 9 to 15 aspirin per day, which help to relieve his pain. He seems to have good strength and control in his upper body and arms.

"* * * * *

"None of the physicians who have seen claimant within the past two years, including Orthopaedic Consultants who examined him for the employer, have felt that he is capable of returning to the working force. * * *

"* * * * *"

The referee denied claimant permanent total disability because he believed he was precluded from doing so by ORS 656.206(3) which states:

"(3) The worker has the burden of proving permanent total disability status and must establish that he is willing to seek regular gainful employment and that he has made reasonable efforts to obtain such employment."

Because claimant has the ability to drive an automatic transmission automobile, can communicate intelligently with other persons and has ability to use his hands and arms, the referee did not find that claimant was permanently and totally disabled. For these reasons the referee concluded claimant had to make an effort to find employment.

The Board affirmed the referee with a member dissenting. The dissent states:

"* * * His work experience consists of heavy equipment operator and truck driving. It is obvious claimant cannot return to *either of these occupations.* It is

[316]

this Board member's conclusion that based on all of the medical evidence, claimant is permanently and totally disabled." (Emphasis supplied.)

The dissent does not address the issue of whether he has made, or is required to make, a reasonable effort to find other employment.

The sole question here is whether claimant must demonstrate some effort to find employment, however minimal, in order to be declared permanently and totally disabled. We are aware that we have repeatedly required a demonstration of effort to find employment as a condition for permanent total disability, *Waler v. SAIF,* 42 Or App 133, 600 P2d 442 (1979); *Potterf v. SAIF,* 41 Or App 755, 598 P2d 1290 *rev den* (1979); *Briggs v. SAIF,* 36 Or App 709, 585 P2d 719 (1978); *Burks v. Western Irrigation,* 36 Or App 587, 586 P2d 788 (1978). However, there may be an instance where that effort is not required. We said in *Waler,* "[w]here * * * claimant is not completely incapacitated and yet seeks to be found totally unemployable, [he] must show that this is indeed the case. * * *" 42 Or App at 135. That statement implies that where a claimant is completely incapacitated a showing that he is not employable is not required. We conclude claimant here has shown he is completely incapacitated.

Claimant was told by all the doctors involved in his examinations and treatment that he could not work. Claimant relied on those statements and did not seek employment.

Dr. John Skirving said in a letter to SAIF dated January 13, 1977,

"This man since his surgery on his legs has had a very stormy course. He has tried all kinds of braces. He has had physiotherapy. He has been treated as an outpatient by Dr. Bruce Schwartz and Dr. Robert Staver, orthopedic surgeons here in The Dallas.

"He has become increasingly crippled and disabled. He has almost continuous pain in his legs with a

[317]

great deal of muscle cramping at night. He is unable to work. They have certified that he is unable to work and it has been necessary for me to hospitalize him in order to control the leg pain and cramping.

"It is difficult for me to estimate how long this man will be disabled from work but if it follows the history we have had so far it is not expected that he will be able to work for some time.

"* * * * *."

A report from Orthopaedic Consultants dated May 3, 1977, stated "* * * he exhibits disability which makes him unable to work at any occupation that we can perceive." Dr. John P. Carroll reported on September 7, 1978, "It is my feeling that this patient is considerably disabled and probably would benefit at this time from a joint replacement in the left knee, although it would not help him return to the working force." And Dr. C. Bruce Schwartz wrote on September 23, 1977, "* * * I am not particularly optimistic that he will return to a level of employability."

Here the statements of all the doctors, taken together with the other factors of age, education, work experience and mental capacity indicate it would be futile for claimant to attempt to become employed. We do not believe that the legislature intended that every injured worker, regardless of capacity to do so, must demonstrate an effort to become employed even where it is clear that such an effort would be in vain.

Reversed and remanded for entry of an order finding claimant permanently and totally disabled.