Argued and submitted July 23, 1980, affirmed March 23, 1981

In the Matter of the Compensation of
Robert E. Barnhardt, Claimant.
BARNHARDT,
*Respondent,*
*v.*
LOUISIANA-PACIFIC CORPORATION,
*Petitioner.*
(WCB No. 76-2677, CA 16722)
625 P2d 674

Barbara S. Fishleder, Eugene, argued the cause for petitioner. On the brief were Jack L. Mattison and Jaqua & Wheatley, P.C., Eugene.

Hayes Patrick Lavis, Astoria, argued the cause for respondent. With him on the brief was Anderson, Fulton, Lavis & Van Thiel, Astoria.

Before Joseph, Presiding Judge, and Warden and Warren, Judges.

WARREN, J.

### WARREN, J.

In this protracted case, the employer seeks review of a decision of the Workers' Compensation Board which affirmed the referee's order awarding claimant permanent total disability.

Claimant, a 56-year old worker, was injured on January 28, 1974, when a cant, or partially-sawn log, slipped from a grapple and struck a 2 × 4 that claimant was using to manuever the cant into position. Claimant was knocked backwards into a stack of cants. His injuries included multiple contusions and a moderate sprain of the cervical spine.

While his physical injuries were not serious, his ensuing psychological problems were severe. He has undergone extensive physical and psychological testing. Three psychiatrists concluded that due to his psychological problems he is unable to work and that his prognosis is guarded. One psychiatrist specifically stated that claimant is permanently and totally disabled. The general consensus was that it was unlikely that he would profit from treatment. The physician who examined claimant on behalf of the employer most aptly described claimant's condition as follows:

"This man * * * learned at an early age to bottle up and control his temper by the use of hard labor and thereby keep himself on a fairly even keel by working off his emotional problems. The accident which knocked him unconscious was quite a blow to his personal self-esteem and probably very threatening to him. The pain and suffering associated with this deprived him of the ability to work off his bottled up emotions. The frustrations that have developed from this, and the bottled up emotions have produced a full-blown depressive neurosis. Much of the anxiety of this depressive neurosis has been funneled off into a psychophysiological reaction found mainly in the musculoskeletal system."

In addition to his psychological overlay, claimant is legally blind, suffers from hypertension, has a surgically-fused right ankle due to a previous accident,[1] may be a

---

[1] In 1940, claimant's right ankle was crushed. He was told then that it was doubtful that he would ever walk again and that returning to work was "out of the question." Through his determination, however, he returned to the labor market. In 1956, his ankle was reinjured in an industrial accident.

hemophiliac, and has osteoarthritis of the spine. He has a tenth-grade education and has worked only as a physical laborer.

After comprehensive examinations at the Disability Prevention Division (DPD), the psychologist there concluded that the "prognosis for restoration and rehabilitation is quite guarded * * * with psychological factors undoubtedly playing a role in his inability to return to gainful employment." The General Aptitude Test Battery was administered in order to obtain an assessment of his aptitudinal functioning levels. Based on his scores, claimant did not qualify for any of the 62 Occupational Aptitude Patterns.

The employer contends that although claimant made some attempt in 1974 and 1975 to find gainful employment, he has made no attempt to return to work since late 1975 and, thus, his motivation should be questioned. After considering claimant's testimony regarding his efforts to find employment, we conclude that his attempts were "reasonable." *See Morris v. Denny's Restaurant,* 50 Or App 533, 623 P2d 1118 (1981); *Butcher v. SAIF,* 45 Or App 313, 608 P2d 575 (1980); *Wilburn v. SAIF,* 43 Or App 611, 603 P2d 1220 (1979); ORS 656.206(3). We also note, as pointed out by the psychologist at DPD, claimant lives in an area where employment opportunities are limited.

The medical evidence here fully supports the finding by both the referee and the Board that claimant is permanently and totally disabled.[2] *See Wilburn v. SAIF, supra; Haugen v. Beautique A Go-Go,* 18 Or App 132, 524 P2d 553 (1974); *Patitucci v. Boise Cascade Corp.,* 8 Or App 503, 495 P2d 36 (1972).

Affirmed.

---

[2] The employer contends that this case is similar to *Plane v. SAIF,* 23 Or App 191, 541 P2d 1074 (1975), where we denied a claim for permanent total disability. Here, unlike *Plane,* there is no evidence of conscious malingering or "play acting."