Argued and submitted May 12, modified December 15, 1982, reconsideration denied January 21, petition for review denied February 23, 1983 (294 Or 536)

In the Matter of the Compensation of
Phyllis Hall, Claimant.

## HOME INSURANCE COMPANY,
*Petitioner,*

*v.*

## HALL,
*Respondent.*

### (No. 80-08467, CA A22454)

654 P2d 1167

Deborah S. MacMillan, Portland, argued the cause for petitioner. With her on the brief were Frank A. Moscato and Moscato & Meyers, Portland.

Richard Roll, Portland, argued the cause for respondent. On the brief was Peter O. Hansen, Portland.

Before Gillette, Presiding Judge, and Warden and Young, Judges.

WARDEN, J.

## WARDEN, J.

The question presented in this workers' compensation case is the extent of claimant's disability. The referee and the Workers' Compensation Board found claimant to be permanently and totally disabled as the result of an on-the-job injury to her lower back. The insurer appeals, and we modify the award.

Claimant was injured in October, 1975, when she tripped over the foot of a co-worker and fell. She was treated by several doctors. She has continued to have significant pain in her back and both legs, along with numbness and tingling in her legs. She returned to her former employment on an assembly line on a part-time basis in 1976, but has not worked since September, 1977. She testified that she is unable to sit or stand for prolonged periods and that she has difficulty walking any distance, driving and climbing stairs. She testified that she has to lie down several times a day to obtain relief from the pain she experiences.

■ The medical evidence indicates that claimant was treated with pain medication, a back brace and physical therapy after her injury. Several myelograms were performed over the period of her treatment, but all returned basically normal results, given her history of back surgery.[1] In October, 1977, Dr. Berkeley, who had become claimant's treating physician, performed exploratory surgery and removed excessive scar tissue entrapping the left nerve root and theca at the L4-5 level. The post-operative report indicates that claimant will continue to have radicular problems, irrespective of treatment, "due to her peculiar tendency in forming this very dense scar tissue in her spinal canal." He concluded:

> "In view of the clinical and surgical findings, I do not think that this lady will be able to assume work in the future."

He has continued to be of the opinion that claimant is totally disabled.

The other doctors who have examined claimant, however, have found her to be only moderately disabled

---

[1] She had previously undergone a lumbar laminectomy in November, 1973.

and concluded that she could work, with limitations on prolonged sitting or standing and on bending and lifting. Those doctors include Dr. Mason, who performed claimant's 1973 surgery and treated claimant for a time following that injury, and two separate teams of three doctors each from Orthopedic Consultants. In addition, Dr. Geist, who also treated claimant for a time, recommended that she be retrained for office work. Dr. Keizer, who apparently examined claimant on only one occasion, concluded that she could do light work.

Although Dr. Berkeley is claimant's treating physician, we are not persuaded by his opinion that claimant is totally disabled, in light of the conclusions reached by all of the other doctors who have examined her. We conclude that the medical evidence by itself does not establish that claimant is permanently and totally disabled.

■    Claimant contends, then, that we should find her totally disabled because of her physical condition *plus* the non-medical factors. *See Wilson v. Weyerhaeuser,* 30 Or App 403, 567 P2d 567 (1977). Claimant, who is now 57 years old, points to her age, the facts that she has only a 10th grade education and no special job skills, and that her physical condition limits her ability to sit or stand for extended periods, bend, twist, lift, climb stairs or drive a car for any distance. She argues that this, when considered with the medical evidence, satisfies her burden to prove that she is permanently and totally disabled.

ORS 656.206(3) provides:

> "The worker has the burden of proving permanent total disability status and must establish that the worker is willing to seek regular gainful employment and that the worker has made reasonable efforts to obtain such employment."

Claimant has not established that she is willing to seek regular gainful employment and that she has made reasonable efforts to do so. After her last surgery in late 1977, claimant made no effort to obtain employment until one month before the hearing, which was held on March 17, 1981. In his opinion, the referee noted:

> "* * * [Claimant] made numerous contacts in February, 1981 for employment opportunities. It appears obvious to

me the potential employment contacts were made solely for the purpose of being able to so testify at her upcoming hearing. She applied for jobs in areas where she had no training or skills and applied for work she testified she didn't feel she could perform."

It appears that claimant determined long before the hearing that she would not return to work. A vocational assistance report of May, 1978, indicates that claimant's file was being closed because claimant did not require further services, because she did not anticipate returning to work.

■ Further, we do not find claimant to be in that class of persons of whom it may be said that efforts to obtain employment would obviously be futile. *See Morris v. Denny's,* 50 Or App 533, 623 P2d 1118 (1981); *Butcher v. SAIF,* 45 Or App 313, 608 P2d 575 (1980). Claimant has not established that she is totally disabled as required by ORS 656.206(3).

The question of the extent of claimant's disability remains. Her back injury has obviously seriously impaired her earning capacity. *See* ORS 656.214(5). Given her physical condition, her age and job experience, we find an award of 75 percent permanent partial unscheduled disability to be appropriate.

Order modified to award claimant 75 percent unscheduled permanent partial disability.