Argued and submitted May 16, reversed September 26, 1984

In the Matter of the Compensation
of Julian E. Pournelle, Claimant.

POURNELLE,
*Petitioner,*

*v.*

SAIF CORPORATION,
*Respondent.*

(WCB No. 82-04317; CA A30010)

687 P2d 1134

Quintin B. Estell, Albany, argued the cause for petitioner. With him on the brief was Emmons, Kyle, Kropp, Kryger & Alexander, P.C., Albany.

Donna Parton Garaventa, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief

were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

Claimant appeals an order of the Workers' Compensation Board contending that he is permanently and totally disabled. We agree and reverse.

Claimant initially injured his back while loading ammunition into trucks in the Navy in 1941. He has had intermittent problems with his back since that time. After being in the Navy for 21 years, claimant, in approximately 1963, became a welder at Oregon Metallurgical Company, the employer in this case. He continued to have intermittent problems with his back but was able to be employed successfully as a welder until 1979. On June 28, 1979, after completing his fourth day of working on his hands and knees inside a 22 to 24-inch corer pot doing grinding and welding, his back was sore. He saw his physician, Dr. Deming, that same day. After an unsuccessful trial of returning to work, claimant was off work until November 16, 1979, when he was returned to work with restrictions on heavy lifting and bending. In addition to his compensable injury, he suffers from high blood pressure, partial hearing loss and partial loss of vision in one eye.

Dr. Deming noted in March, 1980, that claimant was able to work only because his employer allowed him light duty and had agreed that he could leave when he was in pain. On October 9, 1980, he again had an exacerbation of his condition. He returned to work on October 20, 1980, with instructions that if his back hurt he was to rest for an hour. If that did not relieve the pain, he was not to return to work until the next day and not then unless his symptoms had abated. Dr. Deming again noted that without the employer's cooperation claimant was not employable at all.

On April 2, 1981, claimant once again was taken off work because of an aggravation of his condition. He returned to light duty work on July 14, 1981, even though he was still in considerable distress. He was told that he should rest 30 minutes when the pain occurred. If it did not end in that amount of time, he was to leave work and take his medication. He was also told that he would not be allowed to work more than six hours a day. Dr. Deming stated that claimant had discomfort even on light duty work and that, if it became more frequent, he would not be able to do even light duty work.

Claimant was taken off work again on August 4, 1981. Dr. Deming noted that, although he had only worked 22 out of 40 hours per week in light duty, that work had caused his symptoms to flare. He concluded:

"At the present time, after a trial of light duty with prompt exacerbation, I feel the patient should be considered for medical retirement disability. I recommend that Mr. Pournelle be recommended for permanent disability by the disability board * * *."

He further concluded that claimant was not a good candidate for vocational rehabilitation. Orthopaedic Consultants examined claimant and concluded that his injury became exacerbated when he attempted to work. They also noted that claimant had made up his mind to retire and stated:

"With this in mind, as well as the repeated difficulty attempting to do his job, it is doubtful that he could pursue his usual occupation or related occupation even with limitations and retraining would not be feasible."

Dr. Rosenbaum examined claimant for the employer in October, 1981, and concluded that, if claimant were retrained, he should be able to do a sedentary occupation. That doctor also concluded that claimant could do a four to six-month job offered by the employer making a training film. Dr. Deming again stated in November, 1981, that claimant could not be retrained and that a sedentary occupation was not feasible, because sitting would exacerbate his pain in a very short time. However, he further noted that claimant had called and said he was going to try the filming project. Claimant began the filming project in January, 1982. Although he had flexible hours and was performing sedentary work, after only a few days he returned to Dr. Deming, who noted that his pain was exacerbated to the point that he needed increased pain medication, which the doctor could not support. He again recommended permanent medical retirement. Dr. Rankin examined claimant for the employer and stated in his deposition that he could not do a sedentary occupation which required him to remain stationary but could work if he could vary his activities. The referee noted that claimant testified "quite openly and frankly and I do not question his credibility" but stated that merely because claimant had to work with pain did not justify an award of permanent total disability. The referee noted that he did not

believe that claimant had taken full advantage of the jobs offered to him by the employer and had not even considered other types of work. The Board affirmed the order of the referee.

■ ■ In order to establish his claim of permanent total disability, a claimant must prove that he is unable to perform any work at a gainful and suitable occupation. *Wilson v. Weyerhaeuser,* 30 Or App 403, 567 P2d 567 (1977). The ability to work on a permanent part-time basis is sufficient to avoid a finding of permanent total disability. *Hill v. SAIF,* 25 Or App 697, 701, 550 P2d 752 (1976). A claimant may prove permanent total disability under either of two theories. First, if he can establish that he is permanently and totally disabled from the medical evidence of his physical incapacity alone, he is entitled to such an award. *Wilson v. Weyerhaeuser, supra,* 30 Or App at 409. Under the facts of this case, claimant may have been able to establish such a disability. His treating physician, Dr. Deming, has stated in repeated reports, dating from as early as March, 1980, that claimant is unable to be gainfully employed in the regular job market. That doctor's consistent opinion is that the only reason claimant was able to be employed at all is that his employer was very cooperative in allowing him a job within his specific restrictions. His opinion is, of course, balanced by the opinions of the employers' experts, Dr. Rosenbaum and Dr. Rankin, who concluded that claimant could do some type of work.

■ We need not decide which of these experts' opinions to follow, because, even if claimant has not proved his claim entirely as a physical incapacity, he has established the second basis, *i.e.,* the so-called odd lot permanent disability, and has shown that he has the motivation to seek and work at gainful employment. *Deaton v. SAIF,* 13 Or App 298, 305, 509 P2d 1215, 1218 (1973). This is not a case in which a claimant was injured and then only made token efforts to obtain work. Although claimant was in increasing amounts of pain and was placed under increasing restrictions, he returned to his employer over and over again, attempting to find a job that he could perform. The final time that he returned to work was in a job which was limited in time to only four to six months and had total flexibility of hours and of position in which the job would be performed. He took the job against the advice of his treating physician, who had urged him to retire. However,

even under those ideal conditions, claimant was only able to be employed for a few days before his back became aggravated and his doctor took him off work. Although the referee noted that claimant was credible, he failed to award permanent total disability, at least in part because he held that claimant had failed to look anywhere but his employer for work.

We find no basis under the facts of this case for requiring claimant to look beyond his employer to obtain work. The employer had consistently found jobs which were within claimant's restrictions and cooperated fully in attempting to find work which he could perform. Further, claimant's treating physician repeatedly stated that he was only able to return to work because he was getting the cooperation of his employer. We see no reason why an employe should be required to go beyond his employer to try to find work within severe restrictions placed on him when his employer is readily offering him jobs within any restrictions given.

The simple fact of this case is that claimant is a highly motivated individual who has spent nearly 20 years working successfully for this employer and who has tried over and over again to return to work and to be gainfully employed in some capacity. He continued to attempt to return to work in spite of the repeated advice of his physician to retire. After all of his attempts to return to work failed, he decided that he was not able to be employed. Claimant is entitled to a permanent total award as of April 12, 1982, the last date on which he was found to be medically stationary.

Reversed; claimant awarded permanent total disability as of April 12, 1982.