Argued and submitted July 23, reversed October 10, 1984

In the Matter of the Compensation of
Ervin Edge, Claimant.

EDGE,
*Petitioner,*

*v.*

JELD-WEN, INC.,
*Respondent.*

(79-04080; CA A30606)

689 P2d 331

Robert K. Udziela, Portland, argued the cause for petitioner. With him on the brief was Pozzi, Wilson, Atchison, O'Leary & Conboy, Portland.

Brian Pocock, Eugene, argued the cause and filed the brief for respondent.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

### BUTTLER, P. J.

Claimant appeals an order of the Workers' Compensation Board, claiming that he is permanently and totally disabled. We agree and reverse.

Claimant suffered a compensable injury to his lower back and left leg in August, 1978, for which he underwent a lumbar laminectomy. A determination order awarded him temporary total disability and 15 percent unscheduled disability. Although the employer never contested compensability, the referee, on appeal of the extent of disability, held that claimant had failed to prove that "his complaints are traceable to the compensable injury." The referee, therefore, affirmed the determination order, even though he noted that "the claimant is permanently and possibly totally disabled."

The Board affirmed. On the first appeal to this court, we reversed, holding that claimant had established the compensability of his condition. *Edge v. Jeld-Wen,* 52 Or App 725, 629 P2d 841 (1981). We noted that claimant's disability clearly exceeded the 15 percent previously awarded and remanded to the Board for further proceedings, because neither the referee nor the Board had focused clearly on the issue of extent of disability. On remand, the Board remanded to the referee who, following a hearing, awarded claimant 75 percent unscheduled disability. Again, the Board affirmed, and this appeal followed.

■ Claimant's condition as of the first hearing is summarized in our original opinion and need not be repeated here. *Edge v. Jeld-Wen, supra,* 52 Or App at 727-28. Two medical opinions have been rendered since the original appeal to this court. Orthopaedic Consultants, in their report of April 9, 1982, stated:

> "* * * We do not believe that he is employable because of a variety of reasons. These include a herniated disc with its residuals, his upper motor neuron disease, as well as his severe and extensive osteophyte formation in both dorsal and lumbar spine."

They rated the loss of function in claimant's lower back as severe, and concluded:

> "* * * Mr. Edge does not feel that it is possible for him to be employed, and the examiners are inclined to agree with this

decision. We do not find any functional interference in this case. We do not believe that additional medical treatment is indicated."

The only other new medical evidence was provided by Dr. Klump, who saw claimant only once. In his opinion, dated April 13, 1982, he noted that claimant could not return to his former occupation; he gave no opinion as to whether claimant could do other work. He stated that claimant was not medically stationary and had not been since his accident. Dr. Klump recommended that claimant undergo a nerve conduction study, an electromyogram and a myelogram, all of which claimant refused. Dr. Klump believed that the refusal to undergo the myelogram was unreasonable, even though claimant's previous surgery had been unsuccessful. Dr. Klump volunteered that he would undergo 30 myelograms himself if he thought it might get rid of the pain. However, he admitted that the percentage of successful results from surgery decreased with additional surgery.

We conclude that claimant has met his burden of proving that he is permanently and totally disabled from the medical evidence alone. We find the most persuasive evidence to be the April 9, 1982, report of Orthopaedic Consultants, which states twice that claimant is incapacitated from employment as a result of his physical condition alone. The report and deposition of Dr. Klump do not express any clear opinion as to claimant's employability. His statement that claimant is not medically stationary, because additional tests and studies, including another myelogram, might show that further surgery might improve his condition is not persuasive.

■    Employer argues that claimant is not entitled to an award of permanent total disability, because he is not motivated and he refused to undergo "reasonable diagnostic procedures." Although Dr. Klump, who saw claimant on one occasion, recommended additional diagnostic procedures, which claimant refused, his recommendation was made only five days after three doctors at Orthopaedic Consultants examined claimant and concluded that no additional medical treatment was necessary. This is not a case where the preponderance of medical opinion is that a claimant should undergo diagnostic procedures to determine if his condition might be improved by additional surgery. Claimant's refusal to submit

to those procedures, recommended by only one physician who saw him once, is not unreasonable when, as here, claimant previously had undergone those procedures followed by a lumbar laminectomy, which was not successful.

■ Neither may claimant's disability be reduced under ORS 656.206(3) for his failure to seek regular gainful employment. The preponderance of the evidence establishes that claimant is completely incapacitated from employment by his physical conditions alone. Accordingly, claimant is not required to conduct a futile search for employment. *Morris v. Denny's,* 50 Or App 533, 623 P2d 1118 (1981); *Butcher v. SAIF,* 45 Or App 313, 608 P2d 575 (1980).

Claimant has proved by a preponderance of the evidence that he was permanently and totally disabled as of May 3, 1979, the date on which the determination order was issued.

Reversed; claimant awarded permanent total disability as of May 3, 1979.