In the Matter of the Compensation of
Glenn L. Perry, Claimant.

GEORGIA-PACIFIC CORPORATION,
*Petitioner,*

*v.*

PERRY,
*Respondent.*

(WCB 82-10387, 85-14031; CA A44639)

757 P2d 437

Jerald P. Keene, Portland, argued the cause for petitioner. With him on the brief was Roberts, Reinisch & Klor, P.C., Portland.

Nelson R. Hall, Portland, argued the cause for respondent. With him on the brief was Pozzi, Wilson, Atchison, O'Leary & Conboy, Portland.

Before Warren, Presiding Judge, and Rossman, Judge, and Riggs, Judge pro tempore.

WARREN, P. J.

## WARREN, P. J.

In this workers' compensation case, both the referee and the Board awarded benefits for permanent total disability. The record shows that claimant's attorney advised him to refuse vocational assistance. We review this case *de novo* to determine whether that refusal precludes an award of benefits in view of the requirement that a claimant who seeks benefits for permanent total disability must establish that he is willing to seek regular gainful employment and has made reasonable efforts to do so. ORS 656.206(3); *Willamette Poultry Co. v. Wilson,* 60 Or App 755, 654 P2d 1154 (1982), *rev den* 294 Or 569 (1983); *Waler v. SAIF,* 42 Or App 133, 600 P2d 442 (1979). We have, on occasion, not applied the "must seek work" requirement when the record shows that the effort would be futile. *Home Ins. Co. v. Hall,* 60 Or App 750, 654 P2d 1167 (1982), *rev den* 294 Or 536 (1983).

Claimant was almost 63 years of age at the time of the hearing. He has worked only in the logging industry for the last 40 years. He is now limited by his physical disabilities to light or sedentary work. He has not worked or looked for work since a compensable injury in March, 1982.

Claimant's attorney advised him to refuse to cooperate with employer's vocational assistance provider and instead sought the consultation of a private vocational expert. The expert conducted tests, evaluated claimant's ability and testified that, considering claimant's age, limited experience and abilities, vocational rehabilitation was inappropriate and would not have returned claimant to "gainful full-time employment." The expert was mistaken that claimant must be able to return to *full-time* employment. If he is able to do regular part-time work, he is not permanently and totally disabled. In fact, the expert testified that claimant may have the ability to engage in part-time employment in some 60 job categories. We find, however, that those jobs are not available to him without vocational assistance, which he has refused, on his attorney's advice.

A finding of futility is reserved for the extreme situation where, for example, the record shows that the individual is physically totally disabled or is not capable of retraining. Considering claimant's physical limitations, age and other factors, he may be totally disabled. However, in view of the

fact that he is not totally disabled from a physical standpoint, it is impossible to know whether it would be futile for him to seek work without first determining, in a rehabilitation setting, what his abilities are. In view of his failure to cooperate with rehabilitation counselors and the scant record concerning the extent of his disability if it is not permanent and total, we reverse the Board and reinstate the determination orders awarding claimant 30 percent unscheduled disability for an injury to his neck and 40 percent scheduled disability for loss of the left leg.

Reversed and remanded with instructions to reinstate the determination orders.