Argued and submitted March 2, reversed on petition and referee's award reinstated;
affirmed on cross-petition August 24, 1988

In the Matter of the Compensation of
Ellen Lankford, Claimant.

**LANKFORD,**
*Petitioner - Cross-Respondent,*

*v.*

COMMODORE CORPORATION et al,
*Respondents - Cross-Petitioners.*

(WCB 83-11629; CA A37173)

759 P2d 329

James L. Edmunson, Eugene, argued the cause for petitioner - cross-respondent. With him on the brief were Karen M. Werner and Malagon & Moore, Eugene.

Michael Bostwick, Portland, argued the cause for respondents - cross-petitioners. On the brief were Bradley R. Scheminske and Davis, Bostwick, Scheminske & Lyons, Portland.

Before Warden, Presiding Judge, and Van Hoomissen and Graber, Judges.

WARDEN, P. J.

## WARDEN, P. J.

In this workers' compensation case, claimant was awarded permanent total disability (PTD) benefits by a determination order. Employer requested a hearing, contending that claimant's failure to seek employment as a respite care provider disqualified her from receiving PTD benefits under ORS 656.206(3). In a labor market survey made on behalf of employer by Columbia Rehabilitation Consultants, Inc. (CRC), respite care is "defined as 'adult sitting,' designed to give the primary care giver an interval of rest or relief." The referee approved the PTD award, holding that the respite care position was not gainful and suitable employment within the meaning of ORS 656.206. Employer sought Board review. The Board held that claimant was not entitled to PTD benefits, because she unreasonably had refused to seek employment as a respite care provider. The Board then awarded her 100 percent unscheduled permanent partial disability benefits. She petitions for review of the Board order, seeking reinstatement of the referee's award of PTD benefits. On *de novo* review,[1] we reverse the Board and reinstate the referee's award.[2]

The only issue presented is whether claimant's failure to seek a respite care position disqualifies her from PTD status under ORS 656.206(3). Only CRC could identify any job which claimant ostensibly was capable of performing, and that was respite care. CRC found no other possible jobs or occupations for her, and employer apparently concedes that she is not otherwise employable. No other persons who evaluated her found *any* job or vocation for which she was qualified and physically able to perform. In September, 1981, Orthopedic Consultants was of the opinion that her "ability to work is decidedly limited" and that it would "be most difficult indeed to adjust this sixty-one year old woman to any gainful occupation, though at some time in the future an effort should be made."

In April, 1982, Dr. MacClosky wrote that he did not

---

[1] Or Laws 1987, ch 884, § 12a, does not apply to this case, because the petition for review was filed on September 10, 1985. *See Armstrong v. Asten-Hill Co.,* 90 Or App 200, 205, 752 P2d 312 (1988).

[2] Because we reinstate the referee's award of PTD benefits, employer's cross-petition need not be addressed. We therefore affirm on the cross-petition.

think "that rehabilitation at [claimant's] present age and disability level is a realistic goal, and she is not particularly interested in it." In April, 1983, Dr. Medved, of the Callahan Center, found that "[t]he probability of finding something that she can do or give her a direction is pretty nil. I would think that she might be able to work in some special sheltered workshop." In May, 1983, the Field Services Division of the Workers' Compensation Department concluded that "there is no work claimant can perform" and that "there are no areas where [claimant] could be gainfully employed." In June, 1984, vocational consultant Casebier wrote that she "could not identify any vocational goal within [claimant's] physical limitation."

ORS 656.206(3) provides that a claimant seeking PTD benefits "must establish that [she] is willing to seek regular gainful employment and that [she] has made reasonable efforts to obtain such employment." The Board, as noted, denied claimant PTD status, because she unreasonably had refused to seek work as a respite care provider. However, the record does not demonstrate that respite care work is available on a regular basis. Two employers included in CRC's labor market survey indicated that "on occasion" they need persons for simple respite care. Another indicated that it had no positions available, because it lacked funding to expand its current program. Another employer in the survey required respite care workers to do light housekeeping and cooking, tasks that are beyond claimant's physical capabilities.[3] The response from the other employer in the survey is ambiguous regarding the regularity of its respite care jobs. We therefore are not persuaded that the work qualifies either as "regular" gainful employment within the meaning of ORS 656.206(3), *see Wiley v. SAIF,* 77 Or App 486, 491, 713 P2d 677 *rev den* 301 Or 77 (1986), or as permanent part-time work sufficient to avoid a finding of PTD. *See Pournelle v. SAIF,* 70 Or App 56, 60, 687 P2d 1134 (1984). That being so, claimant's failure to seek a respite care position does not disqualify her from PTD status. *See Crumley v. Combustion Engineering,* 92 Or App 439, 758 P2d 878 (1988).

---

[3] We disagree with the Board's finding that claimant currently performs those duties in caring for her ex-husband, because the record clearly indicates that she does not.

Reversed on petition and referee's award of permanent total disability benefits reinstated; affirmed on cross-petition.