Argued and submitted November 2, 1990, reversed and remanded for reconsideration
March 6, 1991

In the Matter of the Compensation of
Marjorie Janisch, Claimant.

Marjorie JANISCH,
*Petitioner,*

*v.*

LANE CO. S-D #45
and SAIF Corp.,
*Respondents.*

(88-11489; CA A63384)

806 P2d 1164

James L. Edmunson, Eugene, argued the cause for petitioner. With him on the brief were Dale C. Johnson and Malagon, Moore & Johnson, Eugene.

Katherine H. Waldo, Assistant Attorney General, Salem, argued the cause for respondents. With her on the brief were

Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

BUTTLER, P. J.

**BUTTLER, P. J.**

Claimant seeks review of an order of the Workers' Compensation Board affirming the decision of the referee that she is not permanently and totally disabled. Because the Board's opinion contains an inconsistency, we reverse it and remand for reconsideration.

The Board adopted the referee's finding that claimant is not totally disabled because of physical impairment alone, but because of a combination of medical and non-medical factors, she is totally disabled. It found that claimant cannot sell her services in a competitive labor market, because "she is simply too old, too unskilled, and has too many physical limitations." The Board then held that, because claimant had made only two job contacts, she had not satisfied the requirement of ORS 656.206(3) that she make a reasonable attempt to obtain regular, gainful employment. For that reason, it concluded that claimant had not established entitlement to permanent total disability benefits. Instead, it awarded her benefits for 100 percent permanent partial disability. The Board made no finding concerning claimant's willingness to work.

The Board's finding that claimant cannot sell her services in a competitive labor market appears to be inconsistent with its finding that she had not made a reasonable attempt to seek work. She is excused from the requirement that she seek work if it would be futile for her to do so. *Butcher v. SAIF*, 45 Or App 313, 608 P2d 575 (1980). Even if it would be futile to seek work, however, claimant must show her willingness to work. *SAIF v. Stephen*, 308 Or 41, 48, 774 P2d 1103 (1990). We remand for the Board to reconcile the apparent inconsistency and, if necessary, to address the question of whether claimant has demonstrated a willingness to work.

Reversed and remanded for reconsideration.