Argued and submitted November 5, 1998, affirmed May 12, 1999

In the Matter of the Compensation of
Judy J. Gornick, Claimant.

Judy J. GORNICK,
*Petitioner,*

*v.*

J. FRANK SCHMIDT & SON,
SAIF Corporation, and
Department of Consumer and Business Services,
*Respondents.*

(96-01924; CA A101382)

981 P2d 817

Robert Pardington argued the cause for petitioner. With him on the brief was Pozzi Wilson Atchison LLP.

Steve Cotton argued the cause and filed the brief for respondents J. Frank Schmidt & Son and SAIF Corporation.

Philip Schradle, Assistant Attorney General, waived appearance for respondent Department of Consumer and Business Services.

Before Landau, Presiding Judge, and Wollheim, Judge, and Warden, Senior Judge.

LANDAU, P. J.

**LANDAU, P. J.**

Claimant suffered a compensable injury to her back in 1988 and was awarded permanent total disability benefits. In 1995, the Department of Consumer and Business Services determined that she was able to perform part-time sedentary or light work and issued an order concluding that she was no longer entitled to permanent total disability benefits. Claimant requested a hearing, and an administrative law judge (ALJ) affirmed the order, finding that she could perform a number of jobs suitable to her skills from three to four hours each day. Claimant appealed to the Workers' Compensation Board (Board), which adopted and affirmed the ALJ's order. Claimant now seeks judicial review of the Board's order, arguing that, because part-time work is not regular work, she is entitled to continue receiving permanent total disability benefits. We affirm.

ORS 656.206(1)(a) defines permanent total disability as:

> "[T]he loss * * * of use or function of any * * * portion of the body which permanently incapacitates the worker from regularly performing work at a gainful and suitable occupation."

The statute does not define "regularly." The term "regular" ordinarily refers to "returning, recurring, or received at stated, fixed or uniform intervals[.]" *Webster's Third New Int'l Dictionary*, 1913 (unabridged ed 1993).

Consistent with that ordinary meaning, we have construed the term, as used in ORS 656.206, to refer to work that occurs at fixed or uniform intervals, whether full or part time. For example, in *Georgia-Pacific Corp. v. Perry,* 92 Or App 56, 57, 757 P2d 437, *rev den* 307 Or 77 (1988), we held:

> "The expert conducted tests, evaluated claimant's ability and testified that, considering claimant's age, limited experience and abilities, vocational rehabilitation was inappropriate and would not have returned claimant to 'gainful full-time employment.' The expert was mistaken that claimant must be able to return to *full-time* employment. If he is able to do regular part-time work, he is not permanently and totally disabled."

(Emphasis in original.) *See also Tee v. Albertson's, Inc.*, 107 Or App 638, 640, 813 P2d 574 (1991), *rev'd on other grounds* 314 Or 633, 842 P2d 374 (1992) ("It is well settled that the ability of a claimant to perform regular part-time work precludes an award for permanent total disability."); *Pournelle v. SAIF*, 70 Or App 56, 60, 687 P2d 1134 (1984) ("The ability to work on a permanent part-time basis is sufficient to avoid a finding of permanent total disability.").

Claimant nevertheless argues that, in some other of our cases, we have held that "regular" employment means only " 'full-time,' eight hours per day, 40 hours per week" employment. She cites *Lankford v. Commodore Corporation*, 92 Or App 622, 759 P2d 329 (1988); *Wiley v. SAIF*, 77 Or App 486, 713 P2d 677, *rev den* 301 Or 77 (1986); *Allen v. Fireman's Fund Ins. Co.*, 71 Or App 40, 691 P2d 137 (1984); and *Munger v. SAIF*, 63 Or App 234, 662 P2d 808 (1983). In each of those cases, however, the claimant suffered an injury that restricted him or her to working irregular hours at best.

In *Lankford*, the only work that the claimant was capable of performing either was not available at all or was available only "on occasion." 92 Or App at 625. We held that such work did not qualify as "regular" within the meaning of the statute. *Id*. We did not hold that—nor did we even address whether—only full-time employment qualifies as "regular."

In *Wiley*, the claimant suffered an injury that allowed him to work, if at all, only while lying in a recliner. We held that the fact that his employer was willing to accommodate him and provide a job he could perform from a recliner did not mean that he was regularly employable in an open job market and therefore found that he was entitled to permanent total disability benefits. 77 Or App at 491.

In *Allen*, the uncontradicted testimony was that the claimant could work "only intermittently and unpredictably." 71 Or App at 45. We held that such intermittent and unpredictable work did not qualify as "regular" employment. *Id*. at 46.

In *Munger*, the claimant had an injury that required that he be catheterized. The catheter had to be sterilized

three to four times a day, a process that consumed 15 minutes each time it was done. We held that he was entitled to permanent total disability benefits because the vocational expert could not find any job that would permit him to do this. *Munger*, 63 Or App at 237-38. There was no evidence in *Munger* that the claimant could find even a part-time job that would accommodate his needs.

We conclude that the Board correctly determined that, because claimant was capable of performing regular, part-time work, she is not entitled to permanent total disability benefits.

Affirmed.